UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 10-02-DLB-8

UNITED STATES OF AMERICA,                                                                  PLAINTIFF,

V.            **AMENDED MAGISTRATE JUDGE'S
              REPORT AND RECOMMENDATION**

CARRIE M. DYER,                                                                             DEFENDANT.

   This matter is before the Court pursuant to a Supervised Release Violation Report prepared by the United States Probation Office on February 15, 2012.  The report outlines two (3) alleged violations of the terms of Defendant's supervised release.

   An Initial Appearance on the alleged violations was held on February 16, 2012.  The Defendant was present and represented by appointed counsel, Andy Markelonis standing in for Michael Fox, and the United States by and through Assistant United States Attorney J Thompson.  United States Probation Officer Allison Biggs was also present.  The matter then came for a hearing on February 24, 2012, where Dyer stipulated to the violations contained in the report, and again on March 1, 2012, where she exercised her right of allocution.  Subsequently, Dyer, through counsel, moved to reopen the final hearing for the purpose of tendering additional arguments regarding an appropriate sentence. [R. 270].  That motion was granted and the court heard additional arguments from counsel on March 12, 2012. [R. 272].  The matter now stands submitted  for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that Dyer be found guilty of the alleged violations based on her stipulation, and that the Court impose a sentence of  four months incarceration followed by twelve months of inpatient drug rehabilitation.

**FINDINGS OF FACT**

(1)     On February 14, 2012, Carrie Dyer was found to be in possession of bath salts. During the hearing on February 24, 2012, she admitted both possession and illegal use of the bath salts.

(2)     During the hearing on February 24, 2012, Dyer stipulated to the association with a convicted felon from whom she obtained bath salts.

**CONCLUSIONS**

The stipulated conduct establishes, by a preponderance of the evidence, that the defendant has committed the following violations of supervised release:

(1) The Defendant shall not commit another federal, state, or local crime. (Violation No. 1). According to KRS 218A.1454, Possession of substituted cathinones is a Class B misdemeanor, "(1) A person is guilty of possession of naphthylpyrovalerone, 3,4-methlenedioxypyrovalerone, 3, 4-methylenedioxymethylcathinone, or 4-methylmethcathinone when he or she knowingly and unlawfully possesses naphthylpyrovalerone, 3, 4-methlenedioxypyrovalerone, 3, 4-methylenedioxymethylcathinone, or 4-methylmethcathinone.   (2)   Possession of naphthylpyrovalerone, 3,4-methlenedioxypyrovalerone, 3, 4-methylenedioxymethylcathinone, or 4-methylmethcathinone is a Class B misdemeanor, excepy that, KRS Chapter 532 to the contrary notwithstanding, the maximum term of incarceration shall be no greater than thirty (30) days.";

(2)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any

controlled substances, except as prescribed by a physician. (Violation No. 2); and

(3) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. (Violation No. 3).

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. In the instant matter, the Defendant possessed and consumed bath salts, also known as substituted cathinones, which is a Class B misdemeanor in Kentucky, according to KRS 218A.1454. Likewise, she obtained this substance through her improper association with a convicted felon.

(ii) The history and characteristics of the Defendant. On August 2, 2010, Dyer pled guilty to a violation of 18 U.S.C. 922(a)(6), False Statement During the Purchase of a Firearm, and was sentenced to a 15 month term of imprisonment. She was released to supervision on November 9, 2011. On February 8, 2012, it was reported that Dyer admitted to using bath salts and associating with a convicted felon, and she was allowed to continue on supervision.

On February 14, 2012, she was reported to have committed the same violations, and was taken back into custody on February 16, 2012.

(iii) The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that initially, Dyer was unwilling to consider any form of long term treatment as part of her sentence in

this matter, choosing instead to be incarcerated. In light of that position, the undersigned recommended on the record that Dyer be sentenced to a six (6) month term of incarceration, followed by the remainder of her supervised release, during which time she would undergo drug treatment.

Subsequently, counsel sought to reopen the matter, and now takes the position that Dyer now seeks to participate in a long term drug treatment program as part of her sentence in this matter. Carrie Dyer, her counsel, the United States, and the Court all agree that the defendant is an individual who should undergo drug treatment. In addition, the Court believes that a sentence involving treatment would serve the interests of promoting respect for the law, providing just punishment for the offense, affording adequate deterrence to future conduct and protecting the public.

(iv) In the instant matter, the most serious of the violations committed by the Defendant is a Grade C violation, and under § 7B1.4(a), based on the Defendant's criminal history category of I, the guideline range of imprisonment would be 3 to 9 months. The maximum statutory period of imprisonment would be a term of not more than 24 months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)   That the Defendant, Carrie M. Dyer, be found to have committed the Violations 1, 2 and 3 as outlined above; and

(2)   That the Defendant be sentenced without delay to a period of four (4) months incarceration. Upon release from incarceration, the Defendant shall be transported by the United States Marshal to an appropriate inpatient drug treatment facility to be designated by the United

States Probation Office where she shall successfully complete long term drug treatment. Upon conclusion of treatment, she shall be released to serve the remaining term of her supervised release.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 13, 2012.

Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge